United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA THOMEN, et. al., | CASE NO. 5:13-cv-05762 EJD |
| Plaintiff(s), | **ORDER REMANDING CASE** |
| v. | |
| MARCO BREW, et. al., | |
| Defendant(s). | |

## I. INTRODUCTION

Defendants Marco Brew and Maritza Brew (collectively, "Defendants") removed the instant unlawful detainer action filed in Santa Clara County Superior Court by Plaintiffs Patricia Rae and Barbara Thomen (collectively, "Plaintiffs"). See Docket Item No. 1. According to the state court Complaint, Plaintiffs, who are the owner and agent of residential property rented to Defendants, seek possession of the property upon expiration of a fixed term lease as well as unpaid rents. See id., at Ex. 1.

As is its obligation, the court has reviewed this action to determine whether federal jurisdiction exists. See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013). It does not. Accordingly, this action will be remanded to the state court from which it originated.

## II. DISCUSSION

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely

from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

The Notice of Removal reveals that Defendants have removed this action based on diversity. As noted, federal courts have original jurisdiction on this ground only where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). But even if these two elements are met, removal based on diversity is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse. See 28 U.S.C. § 1441(b).

Here, removal is improper based on diversity jurisdiction because this case was originally filed in a California state court and Defendants, as they readily admit, are citizens of California. See Docket Item No. 1. Thus, even assuming the parties are diverse and the amount in controversy requirement is met (which it is not), 28 U.S.C. § 1441(b) prohibits removal by Defendants on this basis.[1]

### III.   ORDER

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over this action.

---

[1] It is also worth noting that unlawful detainer claims themselves do not arise under federal law and, therefore, cannot support federal-question jurisdiction either. See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist. LEXIS 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v. Rosario, No. C 11-1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2, 2011 WL 1754053 (N.D. Cal. May 9, 2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 U.S. Dist. LEXIS 130517, at *2, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010).

1          Accordingly, the Clerk shall remand the case to Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated:  December 31, 2013


EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California

CASE NO. 5:13-cv-05762 EJD
ORDER REMANDING CASE

3